IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00107-REB-BNB

MARTHA ANN SHARP,

Applicant,

v.

BILL OWENS, Governor of Colorado,

Respondent.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the applicant's **Motion to Amend for Additional Claim Damages** [Doc. #31, filed 5/31/07] (the "Motion"). The applicant seeks to amend her habeas petition to add an Eighth Amendment claim for damages against her case manager. However, a claim for damages under the Eighth Amendment must be asserted pursuant to 42 U.S.C. § 1983. This action is brought as an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. If the applicant wishes to assert a claim against her case manager for violating her civil rights, she must do so in a separate prisoner civil rights action under section 1983. Accordingly,

I RESPECTFULLY RECOMMEND that the Motion to Amend for Additional Claim Damages be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn,

474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

       Dated June 11, 2007.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge