IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00107-REB-BNB

MARTHA ANN SHARP,

Applicant,

v.

NOBLE WALLACE, and
BILL RITTER,

Respondents.
_____

# AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the respondents' **Motion to Dismiss** [Doc. #51, filed 12/20/07]. I respectfully RECOMMEND that the Motion be GRANTED and that the Application be DISMISSED WITH PREJUDICE.

Martha Ann Sharp (the "petitioner") filed her Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on January 17, 2007 [Doc. #2] (the "Application"). At the time she filed her Application, the petitioner was incarcerated by the Colorado Department of Corrections ("DOC") at the Brush Correctional Facility. The respondents seek dismissal of the Application because the petitioner has absconded from DOC custody.[1]

---

[1] The Motion to Dismiss did not set forth any competent evidence to show that the petitioner had escaped from custody. Consequently, I ordered the defendants to supplement the Motion with evidence supporting their claim that the petitioner had absconded [Doc. #55]. The respondents filed a Supplement to Respondent's Motion to Dismiss [Doc. #59] (the "Supplement") and an exhibit [Doc. #60].

Under the fugitive disentitlement doctrine, it is well settled that "an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." Ortega-Rodriguez v. United States, 507 U.S. 234, 240 (1993). In United States v. Timbers Preserve, 999 F.2d 452 (10th Cir. 1993), the Tenth Circuit Court of Appeals joined other circuits in extending the doctrine to civil cases. Id. (entering default judgment against a fugitive property owner in a civil forfeiture proceeding). See also Seibert v. Johnston, 381 F. Supp. 277 (E.D. Okla. 1974) (dismissing a fugitive's prisoner civil rights action).

Rationales for applying the doctrine include the following: (1) "so long as the party cannot be found, the judgment on review may be impossible to enforce"; (2) the party's escape "disentitles him to call upon the resources of the Court for determination of his claims"; (3) disentitlement discourages escapes and encourages voluntary surrenders; and (4) disentitlement "promotes the efficient, dignified operation of the courts." Degen v. United States, 517 U.S. 820 (1996) (internal quotations and citations omitted).

The petitioner absconded from the custody of the DOC on December 12, 2007. *Supplement*, Affidavit of Thomas Kolle, ¶ 3. She currently is a fugitive. Id.

In applying the rationales for the fugitive disentitlement doctrine to this case, I find that dismissal is warranted. In her Application, the petitioner complains that her parole was unlawfully revoked; she has been wrongfully denied parole; and she has been wrongfully denied good time and earned time credits. *Application*, pp. 3-4. She seeks immediate release and 100 million dollars in punitive damages. Id. at p. 5.

Should this Court find for the petitioner on any of her claims, enforcement of a judgment would be impossible because the petitioner cannot be released from custody while she is a fugitive

from custody. To the contrary, her escape will likely earn her an increased sentence. Moreover, the petitioner's escape is "tantamount to waiver or abandonment" of her claims for release, thereby disentitling her "to call upon the resources of the Court for determination of [her] claims." Ortega-Rodriguez, 507 U.S. at 240. Finally, dismissal of this case under the fugitive disentitlement doctrine would serve the purpose of discouraging escape from custody and would prevent the Court from being in the untenable position of staying a habeas petition for an indefinite length of time while waiting for a petitioner to be returned to custody.

I respectfully RECOMMEND that the Application be DISMISSED WITH PREJUDICE pursuant to the fugitive disentitlement doctrine.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 14, 2008.

BY THE COURT:

    s/ Boyd N. Boland
United States Magistrate Judge