IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00107-REB-BNB

MARTHA ANN SHARP,

Applicant,

v.

BILL OWENS, Governor of Colorado,

Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on a paper filed by the applicant entitled **Writ of Habeas**

**Corpus 2241 for Immediate Release Under Pursuant to Rule 60, Fed.R.Civ.P.** [Doc. #70,

filed 07/27/2010] (the "Paper"). I respectfully RECOMMEND that any relief sought by the

applicant be DENIED.

The applicant filed an *Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §*

*2241* on January 17, 2007 [Doc. #2] (the "Application"). In her Application, the petitioner

complained that her parole was unlawfully revoked; she has been wrongfully denied parole; and

she has been wrongfully denied good time and earned time credits. *Application*, pp. 3-4. She

sought immediate release and $100 million in punitive damages. Id. at p. 5. The Application

was dismissed with prejudice on February 7, 2008 [Doc. #63]. Judgment was entered on

February 12, 2008.

On June 29, 2010, the plaintiff filed a paper entitled *(Immediate Release) Prior 2007 Writ*

*of Habeas Corpus Application by Mail* [Doc. #67]. I struck the motion because it was

incomprehensible and, therefore, it was impossible to determine the relief sought by the applicant. I cautioned the plaintiff that "[a]ny further filings are inappropriate unless they are seeking relief pursuant to Rule 60, Fed.R.Civ.P.

The plaintiff filed the instant Paper "pursuant to Rule 60." Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case," In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

The plaintiff has not provided any coherent argument or evidence to satisfy the requirements of Rule 60. To the contrary, the Paper is incomprehensible. Accordingly,

I respectfully RECOMMEND that any relief sought in the Paper be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 23, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge