IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-00107-REB-BNB

MARTHA ANN SHARP,

    Applicant,

v.

BILL RITTER, Governor of Colorado, and
NOBLE WALLACE, Warden DWCF,

    Respondents.

---

ORDER REJECTING RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE AND
DISMISSING WRIT OF HABEAS CORPUS PURSUANT TO 2241

**Blackburn, J.**

The matters before me are (1) the **Amended Recommendation of United States Magistrate Judge** [#72] filed August 23, 2010; and (2) applicant's **Motion for Immediate Release by Mail Recommendation Objection Pursuant to Rule 60** [#73] filed August 30, 2010. The magistrate judge found the application to be incomprehensible and recommended that any relief requested therein be denied. I respectfully reject the recommendation, but dismiss the application for the following reasons.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because applicant is proceeding *pro se*, I have construed her pleadings more liberally and held them to a

less stringent standard than formal pleadings drafted by attorneys. *See **Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

Applicant originally filed an application pursuant to 28 U.S.C. § 2241 contesting the revocation and/or denial of parole and her alleged entitlement to good time and earned time credits on a 2001 conviction for which she received a seven-year sentence in state court. After filing this suit, applicant escaped from custody. Therefore, I denied her 2241 application based on the fugitive disentitlement doctrine. (*See* **Order Adopting Recommendation of the United States Magistrate Judge** [#63] entered February 7, 2008 (approving and adopting **Amended Recommendation of United States Magistrate Judge** [#62] filed January 14, 2008).) More than two years later, applicant filed a document entitled **Prior 2007 Writ of Habeas Corpus Application by Mail** ([#67] on June 29, 2010). On referral, the magistrate judge found the application "incomprehensible" and denied any relief. Applicant then filed a document entitled **Writ of Habeas Corpus 2241 for Immediate Release Under & Pursuant to Rule 60, Fed.R.Civ.P.** [#70] on July 27, 2010, seeking reconsideration of the magistrate judge's order. The magistrate judge recommends denying that motion on the grounds that it likewise is incomprehensible and fails to assert any basis for relief under Rule 60.

I respectfully disagree with the assessment of the magistrate judge. Although not artfully plead, both the June 29, 2010, application and the July 27, 2010, Rule 60 motion

2

suggest that applicant was arrested on escape charges in October, 2008, and convicted on that charge in January, 2009. Applicant claims she was awarded presentence confinement credits by the District Court of Arapahoe County, Colorado in January, 2010, but maintains that the Department of Corrections "refuses to honor mittimus[] or they state they did not receive it." In addition, applicant claims she is being subjected to various civil rights violations while presently incarcerated. I find her application sufficiently comprehensible to warrant further consideration. Accordingly, her objection to the magistrate judge's recommendation on the Rule 60 motion must be sustained.

Nevertheless, the application itself is improperly filed under the case number and caption of the 2007 case.[1] When the court denied the relief requested by the 2007 application and applicant did not appeal, the court lost jurisdiction of the case and the matter was closed. Moreover, the two applications are factually distinct. The 2007 application deals with the calculation of applicant's sentence under her original 2001 conviction, whereas the 2010 application addresses the calculation of her sentence on the 2009 conviction for escape. In addition, the 2010 application purports to add two respondents who were not named in the 2007 application.

Moreover, the practice in this district is to disallow joinder of prisoner civil rights claims challenging the conditions of confinement with a request for habeas relief. **See Palma-Salazar v. Davis**, 2010 WL 1924417 at *1 (D. Colo. May 12, 2010). Similarly, applicant cannot avoid applicable filing fees by submitting these new claims under the

---

[1] Perhaps the magistrate judge's failure to comprehend applicant's most recent 2241 petition led him to direct her to Fed. R. Civ. P. 60 in framing her arguments in this matter. Because applicant does not appear to be seeking relief from the earlier judgment, however, Rule 60 appears inapposite. To the extent applicant may intend to challenge the earlier judgment of the court, I agree with the magistrate judge that applicant has shown nothing to warrant relief from judgment under any paragraph of Rule 60(b).

3

case number of her prior, unrelated habeas petition.

Therefore, to the extent applicant's application seeks substantive relief pursuant to 28 U.S.C. § 2241 and applicable civil rights laws, it will be denied without prejudice. Petitioner is free to file a new 2241 application and/or a separate civil rights action if she wishes.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendation of United States Magistrate Judge [#72]**, filed August 23, 2010, is respectfully **REJECTED**;

2. That the objection to the magistrate judge's recommendation contained in petitioner's **Motion for Immediate Release by Mail Recommendation Objection Pursuant to Rule 60** [#73] filed August 30, 2010, is **SUSTAINED**;

3. That to the extent it seeks substantive relief and in all other respects, applicant's **Motion for Immediate Release by Mail Recommendation Objection Pursuant to Rule 60** [#73] filed August 30, 2010, is **DENIED WITHOUT PREJUDICE**; and

4. That applicant's **Writ of Habeas Corpus 2241 for Immediate Release Under & Pursuant to Rule 60, Fed.R.Civ.P.** [#70] filed July 27, 2010, is **DISMISSED WITHOUT PREJUDICE**.

Dated November 1, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge